

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,334-01

### EX PARTE ROLAND HAYES SCHULTZ, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15060-A IN THE 29TH DISTRICT COURT
### FROM PALO PINTO COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends that his fifteen-year sentence is unauthorized, because the prior convictions alleged as sentencing enhancements in this case were not sequential as required by Section 12.425(b) of the Texas Penal Code. The State agrees that Applicant's sentence is

unauthorized, and the trial court has entered findings of fact and conclusions of law recommending that relief be granted. However, the record currently before this Court is insufficient to support the trial court's findings of fact and recommendation. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the State's notice of intent to seek enhanced punishment, the judgments from the prior cases used as enhancements, and the plea papers in this case. The trial court shall make findings of fact and conclusions of law as to whether Applicant had prior felony convictions other than the two convictions alleged as enhancements in this case, and if so, whether those other prior convictions could have been used to properly enhance Applicant's punishment to second degree felony range in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.


Filed: June 17, 2015
Do not publish